GEORGE E. HOBBS *vs.* GEORGE W. SIMMONDS AND
ANOTHER.

New Haven & Fairfield Cos., Oct., T., 1891. ANDREWS, C. J., CARPENTER, SEYMOUR, TORRANCE and FENN, Js.

The statute with regard to the filing of judgment liens contains (Gen. Statutes, § 3034,) the following provision :—" Nothing in the three preceding sections contained shall be construed to authorize any such lien to hold and be valid as to any real estate which might not have been levied upon under an execution on the same judgment at

the date of filing such lien." Held not to affect a lien filed, that, at the time of filing it, there was a stay of execution on the judgment.

[Argued October 29th—decided December 19th, 1891.]

Suit for the foreclosure of a judgment lien, brought to the Superior Court in Fairfield County, and heard before *Thayer, J.* Demurrer to complaint; demurrer overruled; facts found, and judgment for the plaintiff. The defendants appealed, assigning for error the overruling of the demurrer. The case is fully stated in the opinion.

*D. Davenport* and *W. H. O'Hara,* for the appellants, cited *Dutton* v. *Tracy,* 4 Conn., 79, 365; *Hamilton* v. *Pease,* 38 id., 115; *Tyler* v. *Hamersley,* 44 id., 393, 414; *Catlin* v. *Baldwin,* 47 id., 173; *Beardsley* v. *Beecher,* id., 408; *Woods* v. *Mains,* 1 G. Greene, (Iowa,) 275, 291; *City of Davenport* v. *Peoria Ins. Co.,* 17 Iowa, 261; *Green* v. *Marks,* 25 Ill., 221; *Coombs* v. *Jordan,* 3 Bland's Cha., 284; *Scriba* v. *Deanes,* 1 Brock., 166; *U. S. Bank* v. *Winston's Exrs.,* 2 id., 252, 255; *Ashton* v. *Slater,* 19 Minn., 347, 393; *Bagley* v. *Ward,* 37 Cal., 121, 131; *Penniman* v. *Cole,* 8 Met., 496, 503; *Allan* v. *Portland Stage Co.,* 8 Maine, 207; *Blaine* v. *Ship C. Carter,* 4 Cranch, 328; Freeman on Judgments, §§ 340, 355; Overton on Liens, 337.

*D. F. Hollister,* for the appellee.

Torrance, J. On the 20th day of May, 1890, the plaintiff, Hobbs, before the Superior Court for Fairfield County, recovered judgment against the defendants, Simmonds and Merritt. On the 22d day of May, 1890, he caused a certificate of judgment lien, based upon the judgment, to be duly filed and recorded, claiming therein a lien upon certain real estate of Simmonds which had been attached in the suit in which the judgment had been rendered.

Thereafter, on the same day, the plaintiff instituted against Simmonds and Merritt a suit to foreclose the judgment lien. To the complaint in that suit the defendants demurred, sub-

stantially on the ground that it appeared by the complaint itself that the land described therein "was not land which might have been levied upon under an execution on the judgment at the date of filing such lien."

The court below overruled this demurrer; the defendants answered over; the case was tried upon its merits, and judgment rendered for the plaintiff. From that judgment the defendants bring this appeal, and the only error assigned is the action of the court below in overruling the demurrer.

Section 3034 of the General Statutes, upon the construction of which the solution of the question raised by the demurrer more immediately depends, reads as follows:—" Nothing in the three preceding sections contained shall be construed to authorize any such lien to hold and be valid as to any real estate, or any interest therein, which might not have been levied upon under an execution on the same judgment at the date of filing such lien." Whether the court below erred or not depends on the true meaning of this section.

The plaintiff claims that this section relates to and answers the question—upon what real estate may a valid judgment lien be placed? The defendants contend that it relates to and answers a very different question, namely—upon what conditions may a valid judgment lien be placed upon land which may by law be subjected to such a lien?

According to the claim of the plaintiff the validity of the lien in the case at bar does not at all depend upon the question whether at the date thereof execution was or was not stayed, but upon the question whether at that date the real estate was so circumstanced that the law would or would not permit it to be taken on such execution if one should then or thereafter be issued. According to the defendants' claim the validity of the lien in the case at bar depends upon the question whether, at the date of the lien, execution was or was not stayed. They concede that if, at that date, execution was not stayed, the lien is valid; but they claim that under section 1134 of the General Statutes execution was "imperatively" stayed for one week, and therefore

that one of the necessary conditions precedent to the acquirement of a valid lien was wanting.

We think the construction put upon the section in question by the defendants is not the correct one. In our state the right to file a valid judgment lien is wholly a creature of the statute. The conditions precedent to the validity of such a lien are all prescribed by statute. Conditions not so prescribed are not essential to the validity of the lien. Considerations drawn from the nature of a judgment lien at common law or under statutes differing from ours, can aid us very little, if at all, in the construction of our own statute.

By the first section of our statute relating to judgment liens, (§ 3031,) any person having an unsatisfied judgment against another may cause a certificate of lien, substantially of the form prescribed, "to be recorded in the town clerk's office in any town." By the next section it is provided that such judgment, from the time of filing such certificate, or from the date of the attachment, as the case may be, shall be a lien upon the real estate described in the certificate. The next section provides that any person having the legal title to any judgment by assignment or otherwise, may cause such a judgment lien to be recorded in his own favor "in like manner, which shall be as valid as if recorded by the judgment creditor himself."

Up to this point then, the conditions precedent to the validity of the lien are stated in the statute quite generally. Any person having an unsatisfied judgment against another may cause a written certificate of a certain form to be recorded in the town clerk's office in any town. When this is done, the judgment, by force of the statute, constitutes a lien on the real estate described in such certificate, no matter apparently how it is circumstanced. Thus far nothing is said in the statute as to the issue or stay of execution on such judgment, or of the right to have the execution immediately issue, as conditions precedent to the right to file a valid judgment lien; nor is the right to file such a lien, thus far, limited to real estate which might by law be taken under an execution.

Construing the language of sections 3031, 3032 and 3033.

Hobbs *v.* Simmonds.

literally, it might be easily inferred that if the certificate described real estate belonging to the estate of a deceased person in process of settlement, the lien would be a valid one. If this inference was correct, then such real estate might be appropriated by foreclosure to satisfy the judgment, although confessedly it could not be so taken under any execution which might then issue on the judgment. *Flynn* v. *Morgan*, 55 Conn., 130. It was, we think, to prevent the drawing of such an inference that section 3034 was added. It does not, and was not intended to, point out another essential step in the mere process of obtaining a valid judgment lien, but to point out or describe the real estate which the law subjected to that process. It does not increase the number of the conditions precedent already prescribed by the statute to the right to file a valid judgment lien, but it describes the kind or class of real estate which may be subjected to a judgment lien. When enacting this law the legislature undoubtedly recognized the fact that real estate, which under ordinary circumstances the law would permit to be taken under an execution to satisfy a judgment, might be so circumstanced, either temporarily or permanently, that it could not by law be so taken.

The act in question was undoubtedly passed, not to subject to a judgment lien real estate which could not theretofore be taken on the execution which might issue on such judgment, but to provide an additional method of appropriating in satisfaction of such judgment real estate which could by law be taken on such execution; a method "more economical, convenient and equitable" than that afforded by way of execution. *Beardsley* v. *Beecher*, 47 Conn., 412. And the main purpose of section 3034 was to limit this new method to such real estate as might theretofore be so appropriated under the old method.

Under this statute, as we view it, the mere stay of execution does not affect the validity of the judgment lien.

For these reasons we think there is no error in the judgment of the court below.

In this opinion the other judges concurred.