Rose Struzinski *v.* Alexander Struzinsky et al.

Maltbie, C J., Brown, Jennings, Ells and Dickenson, Js.

Argued February 4—decided February 26, 1947

*Robert J. Woodruff,* for the appellant (named defendant).

*Alfonse C. Fasano,* with whom, on the brief, was *Austin R. Lowe,* for the appellee (plaintiff).

DICKENSON, J. This is an action brought by a cotenant seeking partition or, as an alternative, sale

of real estate. The named defendant has appealed from a judgment for the plaintiff decreeing that the real estate be sold. The statutory proceeding for sale in such a case as this (General Statutes § 5927) is ancillary to that for partition (General Statutes § 5922); *Kaiser* v. *Second National Bank,* 123 Conn. 248, 256, 193 A. 761; *Harrison* v. *International Silver Co.,* 78 Conn. 417, 420, 62 A. 342; and the issue is whether the action for partition will lie, the claim of the defendant being that the plaintiff was out of possession.

The facts are as follows: The defendant conveyed an undivided one-half interest in his farm to the plaintiff on September 19, 1936. About six weeks later the parties were married. They lived on the farm and worked it together until 1940 when, because of disagreements, the plaintiff left and has never returned. The defendant continued to live on the farm and derived an income from the land and from renting rooms in the house thereon. The plaintiff did not pay any of the expenses. On April 28, 1944, the defendant was granted an ex parte divorce from the plaintiff on the ground of desertion. On November 1, 1944, the defendant brought an action against the plaintiff to recover one-half of the expenses paid for the upkeep of the farm from May 14, 1940, when she left it, to the date of the complaint. Judgment for $1000 was entered in the action for the defendant herein, upon stipulation of the parties. The defendant then filed a judgment lien upon the plaintiff's one-half interest in the farm, and thereafter brought an action to foreclose it in which he obtained judgment fixing October 1, 1946, as the day for redemption. The parties have stipulated before us that the law day has been extended to March 25, 1947.

No appeal was taken from the judgment and no part of the debt has been paid. The plaintiff has never intended to surrender her interest in the farm. At no time has the defendant held adversely to the plaintiff but has continuously recognized her interest in the farm.

The defendant's claims pursued in his brief are that the "conclusion" of the trial court that the plaintiff did not intend to surrender her interest in the farm is not supported by the subordinate facts found; that the plaintiff was out of possession from the date of her desertion of the defendant in 1940; and that in any event she was ousted of possession by the foreclosure judgment of October 24, 1945. The trial court found as a fact that the plaintiff did not intend to surrender or relinquish her interest in the farm, and that finding is not attacked in the assignments of error. Intent is the determining element in deciding whether the plaintiff had relinquished her interest. *Kievman* v. *Grevers*, 122 Conn. 406, 409, 189 A. 609. We find no error in the action of the court in overruling the claim of the defendant that the plaintiff had relinquished possession and disseised herself.

The defendant's chief reliance for the claim that the plaintiff was not in a position to bring an action for partition after leaving the farm in 1940 is upon the authority of *Adam* v. *Ames Iron Co.*, 24 Conn. 230, and 1 Swift's Digest 103. While the *Ames* case states that partition will not lie between joint tenants by one out of possession and finds support in Swift for the statement, a reading of the entire opinion shows that the court meant that in order to lose the right to partition a cotenant must have been ousted of possession; and that is so stated in *Harrison* v.

*International Silver Co.,* supra. Ouster, as so used, means that the joint tenant is out of possession under such circumstances that the tenant in possession would, if that possession continued for fifteen years, acquire title by adverse possession. *Merwin* v. *Morris,* 71 Conn. 555, 574, 42 A. 855; *Lengyel* v. *Peregrin,* 104 Conn. 285, 288, 132 A. 459; *Byard* v. *Hoelscher,* 112 Conn. 5, 10, 151 A. 351; *Palmer* v. *Uhl,* 112 Conn. 125, 127, 151 A. 355. In both the *Ames* case and Swift it is carefully pointed out that proof of an ouster by one cotenant of another ought to be of the most satisfactory nature. Ordinarily possession of one tenant in common is possession of all. *Doolittle* v. *Blakesley,* 4 Day 265, 273; *Bryan* v. *Atwater,* 5 Day 181, 191; *Barnard* v. *Pope,* 14 Mass. 433, 437; 14 Am. Jur. 94, note 4. Moreover, the institution of the action for expenses for upkeep of the farm by the defendant was recognition of the plaintiff's right to possession. See *Paton* v. *Robinson,* 81 Conn. 547, 551, 71 A. 730. The court was not in error in overruling the defendant's claim that the plaintiff was not entitled to bring the action because she was ousted of possession.

The remaining question is as to the effect of the foreclosure judgment. The defendant contends that the judgment changed the legal status of the parties before the day for redemption had arrived. We have said that, technically, strict foreclosure works no change in the legal title as the mortgagee derives such title from the mortgage itself and the decree simply converts this into an absolute title by extinguishing the equity of redemption. *Dawson* v. *Orange,* 78 Conn. 96, 107, 61 A. 101; *Chamberlain* v. *Thompson,* 10 Conn. 243, 251. The defendant apparently contends that the same is true of a judgment

lien. In *Loomis* v. *Knox,* 60 Conn. 343, 350, 22 A. 771, we said that a judgment lien was in effect a statutory mortgage and that the lienor had all the rights of a mortgagee. That broad statement must, however, be read in the light of the question then under consideration, that is, the right of one holding such a lien to redeem the property from a prior mortgagee There is this distinction: a mortgage conveys title and gives to the mortgagee a right of possession, if he wishes to exercise it. *Hartford Realization Co.* v. *Travelers Ins. Co.,* 117 Conn. 218, 223, 167 A. 728; *City Lumber Co., Inc.* v. *Murphy,* 120 Conn. 16, 19, 179 A. 339. The purpose of the statute (General Statutes § 5120) authorizing judgment liens was "to provide an additional method of appropriating in satisfaction of [the] judgment real estate which could by law be taken on . . . execution"; *Hobbs* v. *Simmonds,* 61 Conn. 235, 239, 23 A. 962; *Ives* v. *Beecher,* 75 Conn. 564, 567, 54 A. 207. The lien merely constitutes a charge upon the property; see 2 Freeman, Judgments (5th Ed.) § 915; and the filing of the lien does not affect the title or right of possession of the judgment debtor. The right of the plaintiff to a partition of the property was not changed by the existence of the lien.

There is no error.

In this opinion the other judges concurred.