[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Vincent Longobardi, has moved to dissolve various judgment liens filed by the defendant, Blakeslee Prestress, Inc. ("Blakeslee") on the ground that 4046 P.B. prohibits the filing of such liens during the pendency of his appeal from the judgment identified in the liens.
The judgment at issue was entered by the undersigned on January 23, 1992, in Blakeslee Prestress, Inc. v. Longobardi, d/b/a, Docket No. 91-0322121, upon confirmation and correction of an arbitration award in which the arbitrators had determined that Blakeslee should recover $606,084.00. Longobardi filed an appeal from that judgment on January 27, 1992. On February 6, 1992, while the appeal was pending, Blakeslee filed judgment liens on the land records of the town of North Haven as to several piece of property owned by Longobardi.
Section 52-380a(a) C.G.S. authorizes the filing by a judgment creditor of judgment liens on the real property of the judgment debtor, "securing the unpaid amount of any money judgment, including interest and costs." Subsection (c) of 52-3802 provides that a judgment lien on real property "may be foreclosed or redeemed in the same manner as a mortgage on the same property." Subsection (c) further provides that "[n]o action to foreclose a judgment lien filed pursuant to this section may be commenced unless an execution may issue pursuant to 52-356a." The latter statute provides, in relevant part, that an execution may be issued "subject to the expiration of any stay of CT Page 4157 enforcement and expiration of any right of appeal."
Plaintiff contends that the filing of judgment liens during the pendency of his appeal from the judgment is prohibited by 4046 P.B., which states as follows:
 In all actions, except where otherwise provided by statute or other law, proceedings to enforce or carry out the judgment shall be automatically stayed until the time to take an appeal has expired; if an appeal is filed, such proceedings shall be stayed until the final determination of the cause. . . .
The plaintiff takes the position that the filing of judgment liens, even where the lienor has taken no steps to foreclose the liens, is a "proceeding to enforce or carry out the judgment."
In the one recent case in which the issue was raised whether judgment liens can be filed while an appeal is pending, Guilford Yacht Club Assn., Inc. v. Northeast Dredging, Inc., 192 Conn. 10,11 (1984), the Connecticut Supreme Court failed to reach this issue because it found that the notice of the liens required by the statute had not been established. While no recent directly applicable precedent has been cited by either party, Blakeslee cogently argues that the interrelation of 52-380a and 52-356a
suggest that only foreclosure, not the filing of a judgment lien is stayed by 4046 P.B. If the filing of a judgment lien were prohibited during the pendency of an appeal, there would have been no reason for the legislature to provide in 52-356a for a stay of enforcement of such a lien pending the resolution of an appeal, and the bar on enforcement contemplates the existence of such a lien.
The court is unconvinced by Longobardi's effort to characterize the filing of liens as a "proceeding" within the meaning of 4046 P.B. The "proceeding" that is, clearly, barred is an action to foreclose the lien. This conclusion is supported by dicta of the Connecticut Supreme Court in City National Bank v. Stoeckel, 103 Conn. 732, 737 (1926). The statute authorizing judgment liens at the time of Stoeckel differed in some respects from 52-380a, however, in determining whether a particular judgment lien would relate back to the time of a prejudgment attachment pursuant to General Statutes 5233, a precursor of52-380a, the Court noted that the validity of a lien "was in no way dependent upon the fact that an execution could not be issued when it was filed because stayed by an appeal to this court." In other words, the Supreme Court recognized that a judgment lien could be filed and was valid and not subject to discharge even though the lienor was prohibited from executing on the lien. CT Page 4158
The movant has cited no appellate authority contrary to the above analysis, and it has failed to supply a plausible explanation of the application of 52-356a C.G.S. if no judgment lien may even be filed.
Longobardi argues that Blakeslee's option, if it wishes to be secure while the appeal is pending, is to apply for a prejudgment attachment of property. This argument overlooks the fact that judgment has already entered, and that a finding not only of probable cause but of liability has been made after a full hearing.
On its face, 4046 P.B. prohibits only "proceedings to enforce or carry out the judgment" and makes no mention of the filing of judgment liens, which, like prejudgment attachments, "merely constitute a charge upon the property . . . and . . . do not affect the title or right of possession of the judgment debtor." Struzinski v. Struzinsky, 133 Conn. 424, 429 (1947).
The application to discharge the judgment liens is denied.
BEVERLY J. HODGSON, JUDGE