[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On April 13, 1992, the plaintiff, Presidential Capital Corp., recovered a judgment of $150,000 against the defendant, Antonio Reale. The defendant timely appealed the judgment and the appeal is presently pending. On May 28, 1993, the plaintiff served postjudgment interrogatories on the defendant. The defendant failed to object or respond to the interrogatories.
On August 5, 1993, the plaintiff filed its petition for examination of a judgment debtor. On March 8, 1993, the plaintiff filed another petition for examination of a judgment debtor because arguments for the first petition were not heard and the examination was inadvertently never rescheduled. The defendant objected to the plaintiff's petition for examination of a judgment debtor.
On April 11, 1994, the defendant filed a motion for sanctions on the basis that discovery of a judgment debtor is inappropriate when an appeal is pending. In a CT Page 7218 memorandum dated April 14, 1994, the plaintiff responded to the defendant's objection to the petition for examination of a judgment debtor and to the defendant's motion for sanctions. The defendant, in a memorandum dated April 21, 1994, responded to the plaintiff's memorandum in response to the defendant's objection to the petition for examination of a judgment debtor and defendant's motion for sanctions.
The defendant objects to the plaintiff's petition for examination of a judgment debtor claiming that Appellate Rule § 4046 bars the plaintiff from proceeding with the examination of a judgment debtor.
Appellate Rule § 4046 pertains to automatic stays of execution. In particular, § 4046 provides in part that
 [i]n all actions, except where otherwise provided by statute or other law, proceedings to enforce or carry out the judgment shall be automatically stayed until the time to take an appeal has expired; if an appeal is filed, such proceedings shall be stayed until the final determination of the cause. . . .
Moreover, both General Statutes § 52-351b and Practice Book § 236A provide in part that "[a] judgment creditor may obtain discovery from the judgment debtor . . . of any matters relevant to the satisfaction of the money judgment. . . ." If a judgment debtor fails to respond within thirty days to any postjudgment interrogatories served pursuant to § 52-351b, then he "may be examined on oath, in the court location where the judgment was rendered, concerning his property and means of paying such judgment . . . ." General Statutes § 52-397.
"The finality of a trial court judgment is not directly affected by the fact that an appeal automatically stays the enforcement of a judgment." Preisner v. AetnaCasualty Surety Co., 203 Conn. 407, 414, 525 A.2d 83
(1987), citing Practice Book § 4046. "The stay does not vacate the judgment obtained by the successful litigant. . . . It merely denies that party `the immediate fruits of his or her victory' . . . in order to protect the full and unhampered exercise of the right of appellate review." CT Page 7219 (Citations omitted.) Id. Thus, the trial court's decision in the present case constitutes a final judgment, even though it is on appeal.
The only Connecticut case that has confronted the issue of what constitutes a "proceeding to enforce or carry out the judgment under Appellate Rule § 4046 is a superior court case. See Longobardi v. Blakeslee Presstress, Inc.,6 Conn. L. Rptr. 316 (May 4, 1992, Hodgson, J.). InLongobardi, the court held that a judgment lien is not a "proceeding to enforce or carry out the judgment." Id., 317. The court noted that an action to foreclose the lien is a "proceeding" that § 4046 clearly bars. Id.
The examination of a judgment debtor is more like the filing of a judgment lien than an action to foreclose a lien. Like a judgment lien, the text of Appellate Rule § 4046 does not directly refer to the examination of a judgment debtor. Also like a judgment lien, the examination of a judgment debtor does not affect the title or right of possession of the judgment debtor's property. See id., citing Struzinski v. Struzinsky, 133 Conn. 424,429, 52 A.2d 2 (1947). Neither General Statutes § 52-351b, which authorizes discovery by a judgment creditor, nor General Statutes § 52-397, which authorizes the examination of a judgment debtor under oath, refers in any way to a stay of enforcement.
Defendant also moves for sanctions against the plaintiff, claiming that the plaintiff has wrongfully pursued an examination of a judgement debtor when there is final binding judgment.
The defendant is ordered to submit to examination as a judgment debtor.
The motion for sanctions is denied.
So ordered,
John J. Langenbach, J. CT Page 7220