BARBARA BACHYRYCZ *v.* GATEWAY BANK
(11215)

DUPONT, C. J., O'CONNELL and LANDAU, Js.

Argued December 9, 1992—decision released January 19, 1993

*Joseph Dimyan,* for the appellant (plaintiff).

*Jennifer L. Forrence,* for the appellee (defendant).

LANDAU, J. The plaintiff appeals from the trial court's denial of her petition to discharge a judgment lien[1] in favor of the defendant, Gateway Bank. On appeal, the plaintiff claims that the trial court improperly found that an equitable interest in real property is subject to a judgment lien pursuant to General Statutes § 52-380a.[2] We disagree with the plaintiff and affirm the judgment of the trial court.

The following facts are undisputed. The plaintiff and her former husband were joint owners of a marital residence in Danbury until their divorce in 1985. They entered into a separation agreement in May, 1985, that provided in relevant part that the husband "shall" convey to the wife his rights, title and interest in the family residence subject to certain conditions. One of the conditions was that when their youngest child reached

---

[1] The plaintiff uses the terms "attachment" and "judgment lien" interchangeably. Attachment of real estate is governed by General Statutes § 52-285, while judgment liens are recorded pursuant to General Statutes § 52-380a. While the purpose of both is to secure an interest in real estate for a creditor, the terms are not to be confused.

[2] General Statutes § 52-380a provides in pertinent part: "(a) A judgment lien, securing the unpaid amount of any money judgment, including interest and costs, may be placed on any real property by recording, in the town clerk's office in the town where the real property lies, a judgment lien certificate . . . .

"(b) From the time of the recording of the judgment lien certificate, the money judgment shall be a lien on the judgment debtor's interest in the real property described."

twenty-one years, or if the wife remarried, the house would be sold and the husband would receive 30 percent of the net sale proceeds. The husband was also required to pay the second mortgage on the house and to make specified alimony and support payments. The separation agreement was incorporated into the dissolution decree. On July 18, 1985, the husband conveyed to the plaintiff, by quitclaim deed, his interest in the house. In a deed recorded one minute later on the same date, the wife conveyed to her husband a 30 percent "equitable lien on the premises."

The husband still held this equitable interest in the property on February 1, 1988, when the defendant, Gateway Bank, brought suit on a note against the husband and attached his interest in the property. On May 16, 1988, the defendant obtained a judgment in the amount of $13,213.61, plus costs of $201.20. On May 20, 1988, the defendant recorded a judgment lien on the husband's interest in the subject property.

The husband later defaulted on the payments required by the dissolution decree, and the plaintiff brought a contempt proceeding against him. On May 1, 1989, the plaintiff and the husband agreed that his obligation to the plaintiff for arrearage would be satisfied by conveying to the plaintiff whatever interest he still had in the property, including the proceeds from the future sale of it.

The plaintiff argues that, because the husband's interest in the plaintiff's real property is an equitable interest, it is not subject to attachment by his creditors. The plaintiff, however, is ignoring legal precedent more than three centuries old. The foundation of the law of insolvency, laid down in 1647; 1 Col. Rec. 151; is that " 'every man should pay his debts with his estate, be it what it will be, either real or personal.' " *Smith* v. *Gilbert,* 71 Conn. 149, 154, 41 A. 284 (1898). The

statutory predecessors to § 52-380a have never provided differently. "In conformity with the settled policy of this State, that all the property of a debtor should be holden for the payment of the debts of its owner, our courts have construed the language of these statutes as rendering liable to attachment certain legal and equitable interests in property, the absolute or legal title to which property is not in the debtor, but which interest is within his control and can be fairly appraised or sold; as the interest of one partner in the copartnership property, the interest of a cestui que trust in real estate, an equitable interest in shares of stock, a mortgagor's equity of redemption, *and such other interests in goods or lands, whether legal or equitable, as, with justice to both debtor and creditor may, in the manner provided by statute, be appropriated to the payment of the former's debts.*" (Emphasis added.) Id.; see also *Humphrey* v. *Gerard,* 83 Conn. 346, 355, 77 A. 65 (1910); *Ives* v. *Beecher,* 75 Conn. 564, 567, 54 A. 207 (1903). Only those interests that are "so indeterminate, uncertain or contingent that [they are] incapable of being appraised or sold with fairness" are excluded from the operation of this statute. *Humphrey* v. *Gerard,* supra, 356.

In the case before us, no uncertainty exists. We know that the husband had, at the time the defendant's lien attached, an equitable interest of 30 percent of the value of the family residence. Further, the value of this 30 percent is capable of being ascertained. Finally, the debt is one for which the husband has been found responsible. Therefore, it comes within the purview of § 52-380a.

The judgment is affirmed.

In this opinion the other judges concurred.