[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPLICATIONS FOR DISCHARGE OF JUDGMENT LIENS
These cases are applications for discharge of judgment liens. Both cases involve the same parties and material facts. One application is directed to a judgment lien filed by the defendant on the Danbury Land Records against property known as 18 Great Pasture Road, while the other application concerns a parcel of land located off Stadley Rough Road in Danbury. The applications are filed pursuant to section49-51 of the General Statutes and claim that the lien is invalid because the equitable owner of the two parcels is Robert G. Kovacs and Paul B. Kovacs, d/b/a KBRO, rather than the record title holder, Gary Bachyrycz, a debtor of Gateway Bank. Both properties were conveyed in 1985 by a warranty deed to Gary M. Bachyrycz, Trustee, for a stated consideration of $95,000 for the property at 18 Great Pasture Road and $23,500 for the parcel off Stadley Rough Road. Neither deed states who Gary M. Bachyrycz is trustee for, and there is no other recorded document in the Danbury Land Records supplying that information or referring to the two properties. All of the funds for purchase of both properties were made by Robert G. Kovacs. Bachyrycz was the attorney for Robert Kovacs and Paul Kovacs and their real estate and development business, KBRO. Bachyrycz took title as trustee at the request of Robert Kovacs primarily for the purpose of making land use applications to the Planning Commission, Zoning Commission and Zoning Board of Appeals. Bachyrycz invested no personal funds in either property, and all expenses were paid by KBRO. Bachyrycz had no authority to CT Page 2007 encumber either property, and there is no evidence that he ever did so.
Gary M. Bachyrycz personally borrowed money from Gateway Bank on an undisclosed date and defaulted on the loan. The bank hired an attorney in early 1988. In an effort to collect on the loan to Gary M. Bachyrycz and Barbara A. Bachyrycz, the bank's attorney attached three parcels of land, including the two parcels involved in these applications. The attachment was recorded on the Danbury Land Records on February 2, 1988. Gateway Bank obtained a judgment against Gary M. Bachyrycz on May 16, 1988 for $11,500 plus interest, attorney's fees and costs, and recorded a judgment lien on May 26, 1988 against the interest of Gary Bachyrycz in the same three parcels covered by the prior attachment.
After the attachment and before the judgment lien, Bachyrycz had executed two quitclaim deeds on March 5, 1988 and March 31, 1988 to another attorney, Thomas W. Van Lenten, Trustee. An instrument entitled "Correction Quitclaim Deed" was executed by Gary M. Bachyrycz, Trustee to Thomas W. Van Lenten, Trustee on June 6, 1991, and it states that its purpose was to correct the two prior quitclaim deeds which had inadvertently been executed by Gary M. Bachyrycz in his individual capacity instead of in his capacity as trustee. The plaintiffs had changed attorneys from Bachyrycz to Van Lenten during 1988. Van Lenten notified the bank's attorney, Marvin Borofsky, that he held legal title as trustee and that Robert Kovacs was the beneficial owner of both properties. The letter requested the bank to release both judgment liens. Subsequent exchanges of correspondence between Van Lenten and Borofsky debate the respective interests in the two properties but have no material significance in resolving this dispute. Van Lenten took the position that Robert Kovacs was at all times the equitable owner of the property and that Bachyrycz individually had no interest in it. The bank has maintained, through its attorneys, that the attachment and judgment lien were valid, and that the two properties could be used to satisfy Bachyrycz's debts to the bank since the deeds do not contain the name of a beneficiary (cestui que trust) or contain any language expressly limiting the powers, interest or estate of the grantee, Gary M. Bachyrycz, Trustee. CT Page 2008
Gateway Bank's attachment was prior in time to the quitclaim deeds from Bachyrycz to Van Lenten as trustee, and has priority over the quitclaim deeds, provided it validly secured an interest of Bachyrycz in the two parcels. Section52-380a(b) of the General Statutes provides that if a judgment lien is recorded within four months of the date of a judgment, it is a lien on the judgment debtor's interest in the real property described in it, and the lien relates back to the date of the attachment if it refers to it. The judgment lien was recorded on May 26, 1988, within four months of the judgment against Bachyrycz individually, and is therefore effective from the date of the attachment, namely, February 2, 1988.
However, the lien only secures "the judgment debtor's interest in the real property" described in the judgment lien. Section 52-380a(b) of the General Statutes. By an attachment of real estate, the creditor obtains a lien upon such interest in the property the debtor had at the time of the attachment. Newman v. Gaul, 102 Conn. 425, 433; Fosdick v. Roberson, 91 Conn. 571, 577; Prudent Projects v. Travelers Ins. Co., 3 Conn. App. 429, 432. In other words, if Bachyrycz had no interest in either property at the time of the attachment or judgment lien, then the bank has secured nothing by either instrument. The attachment and judgment lien are then a cloud upon the title and must be discharged upon request of the owner of the property. See sections49-51 and 52-326 of the General Statutes. On the other hand, in a case involving some of the same players as here, it has been held that if the debtor has any interest in property, whether legal or equitable, it is subject to his debts, even if the absolute or legal title to the property is not in the debtor. Bachyrycz v. Gateway Bank, 30 Conn. App. 52, 55, citing Smith v. Gilbert, 71 Conn. 149, 154; Humphrey v. Gerard, 83 Conn. 346, 355; Ives v. Beecher, 75 Conn. 564,567.
This case is the flip side of Bachyrycz v. Gateway Bank, supra. There Bachyrycz was not the legal title owner of the subject property but had a recorded 30 percent equitable interest in it. Here he held title as trustee but had no personal interest of any kind in either parcel. Even Ives v. Beecher, supra, 567, relied upon by the defendant, recognizes that section 52-380a creates a lien upon the interest of the debtor in the property but "[i]t could not reach interests CT Page 2009 which the debtor did not have." The statute itself also refers to "the judgment debtor's interest in the real property."
The defendant makes two further arguments in its claim that the parcels were subject to attachment to satisfy Bachyrycz's individual debt to the bank, even though legal title was held by Bachyrycz as trustee. It claims that section 47-20 of the General Statutes subjects property held by a trustee to attachment and that failure of any instrument state who Bachyrycz was trustee for has the legal effect of conveying the property to him individually.
Section 47-20 of the General Statutes provides:
 The word `trustee' or `agent' or the words `as trustee', or words of similar meaning, following the name of the grantee in a duly executed and recorded instrument which conveys, transfers or assigns real estate or any interest therein, with or without the name of a cestui que trust or principal appearing and without any other language expressly limiting the powers, interest or estate of the grantee, do not, in the absence of a separate duly executed and recorded instrument defining the powers of the grantee, affect the right of the grantee to sell, mortgage or otherwise dispose of the real estate or interest therein in the same manner as if those words had not been used. No person to whom such real estate or interest therein has been transferred or mortgaged by such grantee is liable for the claim of any undisclosed beneficiary or principal or for the application of any money which may have been paid by such person therefor.
The purpose of the statute is to protect buyers, mortgagees or other persons acquiring the real property from claims of ownership by an undisclosed beneficiary or principal, or a claim for reimbursement of funds paid by that person for the property. The transferee is entitled to assume that the transferor had the full authority to convey the property and does not have to make inquiry into the rights of others to the property in the absence of a recorded instrument defining the extent of the authority of the CT Page 2010 trustee or the rights of the undisclosed beneficiary or principal. The statute is for convenience in alienation of property. It does not make the land the personal property of the individual holding title as trustee. Benassi v. Harris,147 Conn. 451, relied upon by the defendant, is distinguishable from the facts in this case and did not involve claims by creditors of the grantor-trustee. Gateway Bank is merely a creditor of Bachyrycz, and the attachment and judgment lien is not a conveyance of title covered by section 47-20.
The fact that the "trustee" appeared after Bachyrycz's name in the land records actually provides some notice to the bank that Bachyrycz did not own the property individually. While the use of the word "trustee" is not controlling, and does not preclude the record owner from owning all or part of the property individually, his real interest is a question of fact. Section 47-20 eliminates the need for a factual investigation by a buyer or mortgagee of the property to the extent of the trustee's individual interest, but the statute does not extend that protection to creditors of the trustee. In each case, whether or not the trustee has an individual interest in the property is a question of fact. In this case, he has no interest. This interpretation preserves the public policy interest of reliance upon the state of title in the land records while preventing the real owners of land from losing their valid interest in it because of the financial problems of their trustee.
A simple trust exists for real property where there is a conveyance of it to one person in trust for another, without further specifications or directions; where that occurs, the law regulates the trust, the beneficiary has the right of possession and of disposing of the property, and may call upon the trustee to execute such conveyances of the legal estate as are necessary. Cone v. Dunham, 59 Conn. 145, 157; Goytizolo v. Moore, 27 Conn. App. 22, 25, 26. Where the owner of property transfers it "in trust" for a named person without specifying further the purpose of the trust, the deed sufficiently designates the purpose of the trust since it is a declaration of a passive trust of the property for the intended beneficiary. Restatement (Second) of Trusts, section 46, Comment a; Goytizolo v. Moore, supra, 26.
It is unnecessary to resolve whether, under Connecticut CT Page 2011 law, a conveyance of property to a person followed by the word "trustee" creates a trust for an undisclosed beneficiary when that beneficiary is not named in the deed. The material question is not whether Bachyrycz was acting as trustee for Robert Kovacs, who supplied the funds to purchase the property, but rather whether the property was an asset of Bachyrycz available to pay his debts. Where a debtor possesses only naked legal title for the equitable benefit of others, he has no interest in the property that may be seized and sold under execution. 30 Am.Jur.2d, Executions 537, section 164.
Moreover, when the purchase money for property is paid by one person and the legal title is taken in the name of another, a resulting trust ordinarily arises at once, by operation of law, in favor of the one paying the money. Cohen v. Cohen, 182 Conn. 193, 201. The affidavits filed and the testimony before the court clearly established that Bachyrycz never had any interest in either parcel and merely held title as trustee for Robert Kovacs. It is also noted that it is a well established practice in this state for attorneys to take title to real property as trustee for their clients without having the name of the client disclosed on the land records. An attorney acts as a fiduciary for his client, which reinforces the intent to create a trust with the client as a beneficiary. The defendant has identified no case which holds that property held by an attorney as trustee, without disclosing the principal, makes the property fair game for the attorney's creditors. Common sense, public policy and law in other states are to the contrary.
The stipulated facts meet the plaintiffs' burden of proof of demand to release the judgment liens as required by section 49-51 of the General Statutes. For the reasons previously stated, the applications to discharge the judgment lien are granted.
Robert A. Fuller, Judge CT Page 2012