[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
I.
Introduction
The plaintiffs, George L. and Josephine R. DePasquale, have sued the defendants, Day, Berry Howard, et al, alleging a conspiracy to have George L. DePasquale sign an irrevocable proxy and employment agreement which allowed his son, the defendant Blaise DePasquale, to assume control of the business rounded by George L. DePasquale, Hartford Electric Supply Company (hereinafter, "HESCO").
The defendant Walter J. Barilari has moved to strike Counts 6, 18, 19, 20 and 21 in which the plaintiff Josephine R. DePasquale has alleged tortious behavior, breach of fiduciary duty, a violation CT Page 6627-D of CUTPA, fraud, and negligent misrepresentation on the grounds that her status as the wife of George L. DePasquale does not afford her the legal basis to put forth her stated claims.
Mrs. DePasquale alleged that Mr. Barilari knew that she was the wife of George L. DePasquale, that she was dependent on him for financial support, and that since she was younger and healthier than her husband, any financial losses suffered by the plaintiff husband would also be suffered by her. There is no allegation that Josephine R. DePasquale is or was the owner of any shares of HESCO stock.
II.
Discussion
Connecticut General Statute 46b-36 provides, in pertinent part, that "[n]either husband nor wife shall acquire by the marriage any right to or interest in any property held by the other before or acquired after such marriage. . . . Our Supreme Court has stated, "[i]n this state neither a husband nor a wife acquires, CT Page 6627-E by virtue of marriage, any interest in the real or personal property of the other during the other's lifetime." Tobey v. Tobey,165 Conn. 742, 748 (1974). Based on our statutory and common law, the motion to strike must be granted.
Mrs. DePasquale also claims an interest based on the premise that upon the death of her husband, she would inherit his interest in HESCO. "`Expectancy' is the bare hope of succession to the property of another, such as may be entertained by an heir apparent. Such a hope is inchoate. It has no attribute of property, and the interest to which it relates is at the time nonexistent and may never exist." Krause v. Krause, 174 Conn. 361, 365 (1978) quoting Johnson v. Breeding, 136 Tenn. 528, 529, 190 S.W. 545. "The moment of the decedent's death determines the right of inheritance or testamentary succession." Krause, supra, 365. Thus, the plaintiff Josephine R. DePasquale lacks the ability to assert a legal interest. The motion to strike is granted.
Berger, J. CT Page 6627-F