[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 7236
In a two-count complaint, dated January 18, 1994, the plaintiff, Safecard Services, Inc., alleges that in 1976, it obtained two judgments in New York against defendant, William H. Blair. The plaintiff further alleges that based upon such judgments, it filed an action against Blair in this court and obtained a judgment of $67,770.38 on April 1, 1991, which remains unsatisfied. Count one is directed to Blair, wherein plaintiff alleges that Blair is the husband of defendant Margaret Moore Blair, the owner of the family residence in Greenwich, and that by virtue of this fact, Blair has an interest in the residence which may be reached by plaintiff. In count two, directed to Mrs. Blair, plaintiff alleges that: she is the legal owner of the property in Greenwich; that she is an was, for all purposes hereto, unemployed and without any visible means of support; and that plaintiff is entitled to an equitable lien in her assets by virtue of the monetary judgments obtained against Blair.
On March 31, 1994, defendants moved (#102) to strike plaintiff's complaint on the ground that plaintiff has not stated a legally sufficient cause of action in that: (1) the first count is a derivative claim which relies on plaintiff's legal claim that a creditor is entitled to an interest in the property of a debtor's spouse by virtue of the debtor's theoretical inchoate rights with respect to the property of his spouse; and (2) a creditor has no right to seek satisfaction of a debt from the spouse of the debtor.
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" (Citations omitted.) Gordonv. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988); Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. King v. Board of Education,195 Conn. 90, 93, 463 A.2d 1111 (1985). The court must construe the facts most favorably to the pleader. Blancato v. FeldsparCorporation, 203 Conn. 34, 36, 552 A.2d 1235 (1987). "`The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them . . . and if facts provable under the allegations would support a defense or a cause of action, the . . . [motion to strike] must fail.'" (Citations omitted.) Alarm Applications Co. v. Simsbury VolunteerFire Co., 179 Conn. 541, 545, 427 A.2d 822 (1980). CT Page 7237
The defendants argue that General Statutes § 46b-36 enables a married woman to own and control her own property. The defendants further argue that plaintiff does not claim that Mrs. Blair had any responsibility for the underlying debt or that Blair ever owned any part of the Greenwich property, so plaintiff may not claim an interest in such property. In response, plaintiff argues that Blair has "an ascertainable vested interest" in his wife's entire estate, including real estate, due to his statutory right of election. The plaintiff claims that this equitable interest may be reached by Blair's creditors.
General Statutes § 46b-36 provides that:
 Neither husband nor wife shall acquire by the marriage any right to or interest in any property held by the other before or acquired after such marriage, except as to the share of the survivor in the property as provided by section 45a-436 and 45a-437. The separate earnings of the wife shall be her sole property. She shall have power to make contracts with her husband or with third persons, to convey to her husband or to third persons her real and personal estate and to receive conveyances or real and personal estate from her husband or from third persons as if unmarried. She may bring suit in her own name upon contracts or for torts and she may be sued for a breach of contract or for a tort; and her property, except such as is exempt by law, may be taken on attachment and execution, but shall not be taken for the debts of her husband, except as provided in § 46b-37 . . . .
(Emphasis added). General Statutes § 46b-36; see also Tobey v.Tobey, 165 Conn. 742, 748, 345 A.2d 21 (1974). "Any purchase made by either a husband or wife in his or her own name shall be presumed, in the absence of notice to the contrary, to be made by him or her as an individual and he or she shall be liable for the purchase." General Statutes § 46b-37 (a).
In Bachyrycz v. Gateway Bank, 30 Conn. App. 52, 55,618 A.2d 1371 (1993), cited by both parties, the Appellate Court found that a husband had an equitable interest in the value of the family home to which his former wife held title. The plaintiff in the present case urges the court to find that Blair has a similar equitable interest in the residence owned by his wife. However, Bachyrycz v.Gateway Bank, is distinguishable from the present case. In that case, the husband and wife were joint owners of a home prior to the CT Page 7238 dissolution of their marriage. Id., 53. Pursuant to a separation agreement which was made part of the dissolution, the husband conveyed his interest in the residence to his former wife, and the wife conveyed to the husband a 30% equitable lien on the property. Id., 54. The husband was to receive 30% of the sales proceeds when the home was later sold, following the occurrence of certain conditions. Id., 53-54. The husband held this equitable lien approximately three years later when Gateway Bank obtained a judgment against him. Id., 54. The court held that there was no uncertainty that the husband had, at the time of the judgment lien, an equitable interest in 30% of the value of the family home which was capable of being ascertained, and that such interest could be reached by his creditors. Id., 55.
In the present case, plaintiff does not allege that the property in which it seeks an interest was ever owned by Blair, nor is it alleged that Mrs. Blair had any involvement with the debts which are the subject of the judgment. The only interest plaintiff claims that Blair possesses is his right to a statutory elective share of his wife's estate upon her death. However, the Supreme Court has noted that:
 "[e]xpectancy is the bare hope of succession to the property of another, such as may be entertained by an heir apparent. Such a hope is inchoate. It has no attribute of property, and the interest to which it relates is at the time nonexistent and may ever exist."
DePasquale v. Day, Berry Howard, 8 CSCR 875 (July 22, 1993, Berger, J.), quoting Krause v. Krause, 174 Conn. 361, 365,387 A.2d 548 (1978). "`The moment of the decedent's death determines the right of inheritance of testamentary succession.'" DePasquale v.Day, Berry Howard, supra, quoting Krause v. Krause supra.
There is no indication that Blair has an interest, legal or equitable, in the residence owned by his wife. Since both counts are based on the existence of such an interest, plaintiff has not stated a legally sufficient cause of action. Accordingly, defendants' motion to strike both counts of plaintiff's complaint is granted.
So Ordered
Dated at Stamford, Connecticut this 14th day of July, 1994. CT Page 7239
WILLIAM BURKE LEWIS, J.