[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 STATEMENT OF THE CASE
This action was brought in May of 1999 to defend against a foreclosure action pending in this court since March of 1995.
In that action, Deborah Lyon, Trustee v. Mariam Amendolaand Sharon D'Urso, No. CV95-0373113, seeks to foreclose a mortgage on real property located at 235 Lenox Street, New Haven. The defendant Lyon is proceeding in that action on the strength of an assignment of mortgage dated April 22, 1993 and recorded in the New Haven land records.
The underlying mortgage is dated August 8, 1985 and runs to Roxie D'Urso from Amendola and Sharon D'Urso. The assignment was executed by Roxie D'Urso and acknowledged by a Notary Public. However, the document lacks the two witnesses required in Connecticut to effect a conveyance of real property.
The plaintiffs Amendola and Sharon D'Urso seek in this action to negate the assignment of mortgage, thereby defeating the foreclosure action.
Though the matters were consolidated for trial, the court decided and both counsel agreed, that the foreclosure would be held in abeyance pending a decision on the instant action.
 DISCUSSION
CT Page 5085-cv I
The plaintiff is proceeding on an eight count amended complaint. At trial, evidence was offered only as to one count — the second. The remaining counts, sounding in undue influence, lack of consideration, breach of fiduciary duty, fraud, etc., were not addressed and are therefore dismissed.
 II
The second count reads as follows:
"1.-8. Paragraphs 1-8 of the First Count are hereby made Paragraphs 1-8 of this Count.
9. The aforementioned assignment was neither properly witnessed nor notarized and, therefore, to the extent there was any conveyance under said assignment, which is denied, the assignment conveyed only equitable title to the aforementioned note and mortgage. Conn. Gen. Stat. § 47-17.
10. Plaintiffs rights to enforce said note and mortgage are superior to those of the Defendant, Deborah Lyons, the alleged Trustee of Robert D'Urso.
The plaintiff has offered no evidence nor cited any law to support the allegation in paragraph 10.
However, the parties are at issue insofar as paragraph 9 is concerned, with the plaintiff claiming the assignment is invalid, and the defendant arguing that it is valid, citing the validating act of 1995.
 A.
The validity of the assignment.
The validating act of 1995 addressed and validated all defects in instruments which occurred on or before January 1, 1995. The assignment in question was executed on April 22, 1993 — too late for coverage under the 1993 validating act, but apparently covered by the 1995 act. That act was effective April 4, 1995. CT Page 5085-cw
The plaintiff argues that the act is not applicable to this assignment because of this language, included in all validating acts:
 APPLICABILITY. No defect, omissions or irregularities enumerated in this act shall be validated if any action, suit or proceeding has been commenced, or notice of pendency thereof has been duly recorded on or before the effective date of this act.
And, the plaintiff argues the foreclosure action referred to above was instituted by writ, summons and complaint dated March 27, 1995.
While the court does not construe this language as applicable to this situation where the party supporting validity of the document in question has acted before the effective date, the fact is the plaintiffs reliance on this language is misplaced for another reason.
A suit is "commenced" in Connecticut on the date of service of the writ on the defendant, not on the date the writ was signed.Hillman v. Greenwich, 217 Conn. 520, 527 (1991).
Service in the foreclosure was made on April 6, 1995,after the effective date of the 1995 act.
 B.
The applicable law.
The plaintiff relies on several cases to support the argument that an instrument intended to convey an interest in land is void if not executed exactly as required by statute. Thus, she argues this assignment of mortgage is void and conveyed nothing.
However, many of the cases cited are so old as to be obsolete in terms of recent developments of the law in this area.
The leading authority on real property conveyancing in this state is "Connecticut Standards of Title," Standard 9.2, Comment 5 states in pertinent part:
 "The modern law is that even though a defectively executed or. CT Page 5085-cx acknowledged deed is not good as a conveyance of the legal title, Bowne vs. Ide, 109 Conn. 307, 312: New Haven Trust Co. vs. Camp, 81 Conn. 539, 541, it transfers the equitable title by statute and the recordation of the deed charges all subsequent parties with notice of the equitable interest created in the grantee. Sec. 47-17 now authorizes the recording of documents which only create an equitable interest and provides that the record shall be notice to all the world of such equitable interest. Specifically included in this statute is an unacknowledged deed as well as "any instrument intended as a conveyance of land, but which by reason of a formal defect operates only as a conveyance of an equitable interest in such land." This latter obviously will include unattested or defectively attested instruments. Therefore, if a conveyance, regardless of where executed, fails to be witnessed or acknowledged, or is defectively witnessed or acknowledged, its recordation will serve to charge subsequent parties with notice of the grantee's right to go into equity to have the instrument reformed. . . ."
The plaintiffs reliance on Taft v. Wheelabrator Putnam, Inc. etal., (55 Conn. App. 359 (1999)) is misplaced. That was a zoning matter which involved the failure to publish the commission decision and an attempt to cure that substantive defect by special act.
The defendant's cite Giannopoulos v. Corbin, 7 Conn. App. 601
(1986), a case also involving a defect in the witnessing. There, the validating act was relied upon to validate a deed.
Section 47-17 of the Connecticut General Statutes also addresses this aspect of real property law:
 Sec. 47-17. Records of documents as notice of equitable rights. An unacknowledged deed, and any instrument intended as a conveyance of land, but which by reason of a formal defect operates only as a conveyance of an equitable interest in such land, and any contract for the conveyance of land, or of any interest therein, and any instrument by which an equitable interest in land is created, in which such land is particularly described, may be recorded in the records of the town in which such land is situated; and CT Page 5085-cy such record shall be notice to all the world of the equitable interest thus created.
Several unpublished Superior Court decisions support the position of the defendants:
 1.) quit claim deed lacking one witness conveyed an equitable interest; People's Bank v. Squillante et al., 20 CLR 407 (1997).
 2.) improperly executed documents are valid as between the parties; Boudreau v. Wozniak, 1990 Ct. Sup. 511 (1990).
 3.) unwitnessed assignment of mortgage enforceable and a valid transfer under principles of equitable relief; FDIC v. Cutler, 18 CLR 640 (1997).
Therefore, even if it were found that the validating act failed with respect to this document, statute and case law dictate a finding that the defendants have an equitable interest which they may enforce.
 CONCLUSION
Judgment may enter for the defendants on all counts.
The defendants are entitled to taxable costs.
The court will assign the foreclosure action for a final hearing.
Anthony V. DeMayo, Judge Trial Referee