[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff seeks to foreclose a judgment lien which it claims to have on an equitable interest which it asserts was created by the terms of a divorce decree between a husband and wife. The first named defendant has moved to strike the first count of the complaint on the grounds that the first count fails to allege facts which demonstrate that the putative lienee had an interest in real estate which is subject to foreclosure.
The essential facts gleaned from the complaint are as follows. On November 25, 1992 the plaintiff recorded a certificate of attachment against Michael J. Melillo, a joint owner of certain real property. On February 1, 1993 the plaintiff obtained a judgment against Michael J. Melillo in the amount of $4,410.61 plus costs. On October 25, 1993 a certificate of judgment lien relating to that attachment was recorded in the Bridgeport land records. Prior to the earliest of these dates, namely November 6, 1992 a memorandum of decision evidencing a decree of divorce issued by this court, (Karazin, J.) was recorded in the Bridgeport land records. The decree dissolved the marriage between Michael and Deborah Melillo and is alleged to have created in Michael Melillo a $10,000 interest in the real property which was then jointly owned by the parties to the decree.
In its brief and at oral argument the plaintiff claims that the recorded divorce decree created an equitable lien to the extent of Michael Melillo's $10,000 interest in the property. The motion to strike argues that the allegations of the complaint fail to establish the existence of any such equitable lien.
An equitable lien at common law is "a right not existing at law, to have specific property applied in whole or in part to payment of a particular debt or class of debts. As such, it constitutes a charge or encumbrance upon the thing, so that the very thing itself may be proceeded against in an equitable action." Columbia Federal Savings Bankv. International Site Consultants, Inc., 40 Conn. App. 64, 68 (1996).
The plaintiff argues that Michael Melillo's right to receive the sum of CT Page 2763 $10,000 out of the real property ordered distributed in the divorce decree is an interest in real property as to which a judgment lien attached and which may be foreclosed pursuant to the terms of § 52-380a
of the General Statutes.
"In conformity with the settled policy of the state, that all the property of a debtor should be holden for the payment of the debts of its owner, our courts have construed the language of these statutes [§52-380a] as rendering liable to attachment certain legal and equitable interests in property, the absolute or legal title to which property is not in the debtor, but which interest is within his control and can be fairly appraised or sold; as the interest of one partner in the co-partnership property, the interest of a cestui que trust in real estate, an equitable interest in shares of stock, a mortgagor's equity of redemption, and such other interests in goods or lands, whether legal or equitable, as with justice to both debtor and creditor may, in the manner provided by statute, be appropriated to the payment of former's debts."Bachyrycz v. Gateway Bank, 30 Conn. App. 52, 55 (1993), quoting Smith v.Gilbert, 71 Conn. 149, 154 (1898). It is apparent then from our case law that an equitable lien may only be asserted in property, either real or personal. Moreover, where the remedy chosen is that of foreclosure pursuant to § 52-380a(c) the equitable lien and therefore the interest in real property must have existed at the time that the judgment lien became effective. In this case, the judgment lien only became effective when recorded on October 25, 1993, and because it was not recorded within four months of the judgment, it did not relate back to the date of the attachment, namely, November 25, 1992.
The allegations of this count reveal that the defendant, David Belasco is the owner of the property. The complaint contains no allegation of when Deborah Melillo sold the property. If the sale occurred before October 25, 1993 then there could be no equitable interest arising out of Michael Melillo's $10,000 interest in the property because the equitable lien would have been converted to cash and once that happened there would no longer have been any interest in real property to foreclose.
For the foregoing reasons the Motion to Strike is granted.
BY THE COURT,
MOTTOLESE, JUDGE