[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issue before the court is the applicability of an automatic stay upon appeal to a defendant that did not join in the appeal.
The plaintiff, Alvin Berger, has moved for an order compelling defendant First Federal Bank to comply with a judgment of this court granting the plaintiff's amended petition for discovery. That judgment requires defendants First Federal Bank and Anthony Cuomo "to make full disclosure, under oath, of all agreements, understandings, memoranda, closing documents, and all writings of whatsoever nature having to do with the agreement entered into between the said Anthony Cuomo and First Constitution Bank regarding the said Cuomo's liability on certain promissory notes as alleged in paragraph 3 [of the amended petition]."
Anthony Cuomo appealed from the entry of this order; First Federal Bank did not, however the bank expresses uncertainty as to whether it should comply in view of the automatic stay applicable to defendant Cuomo by operation of 4046 P.B. That provision states in relevant part that "[i]n all actions . . . proceedings to enforce or carry out the judgment shall be automatically stayed until the time to take an appeal has expired; if an appeal is filed, such proceedings shall be stayed until the final determination of the causes. . . ."
The plaintiff takes the position that the automatic stay pending appeal applies only to the obligation of the appellant to comply with the judgment and does not relieve the bank, which has filed no appeal, from its duty to comply with the judgment. The plaintiff acknowledges that the documents which the bank has been ordered to supply are the same documents which defendant Cuomo was ordered to supply, however the evidence presented to the court does not reveal whether the bank and Cuomo have the same documents or different documents subject to the judgment granting the petition for discovery.
It has been held that an appeal from a portion of a judgment does not stay enforcement of those parts of the judgment from which no appeal was taken. Cronin v. Gager-Crawford Co.,128 Conn. 401, 404 (1941). It has also been held that where judgment is entered not jointly, but either severally or severably, against two defendants, an appeal by one defendant does not affect the enforceability of the judgment against the other CT Page 6792 defendant. Donnarumma v. Korkin, 97 Conn. 223, 224 (1922); Gruber v. Friedman, 104 Conn. 107, 112 (1926); Chapin v. Babcock,67 Conn. 255 (1896).
While the cases cited above suggest that the applicability of a stay to a defendant who has not appealed depends on whether the liability of the co-defendants is joint or severable, a more recent decision of the Supreme Court, in Preisner v. Aetna Casualty Surety Co., 203 Conn. 407 (1987) suggests that such a distinction does not continue to be recognized. Preisner involved the aftermath of a situation in which a holder of a note brought suit against two defendants, Preisner and Aetna. Aetna had an indemnification agreement with Preisner, the co-maker, triggered by Aetna becoming liable on the note. Judgment was entered against both Preisner and Aetna, and both appealed. Aetna then withdrew its appeal and sought indemnification from Preisner, contending that the judgment against Aetna triggered the obligation to indemnify. In a suit brought by Preisner against Aetna claiming wrongful conversion of its security, the Supreme Court focused on whether there had, at any time, been an enforceable judgment against Aetna. The Supreme Court found, Preisner v. Aetna, supra, at 414, that the appeal automatically stayed the judgment pursuant to 4046 P.B. Since Aetna's appeal had been withdrawn, the Supreme Court must have been referring to the appeal of the co-maker, which was pursued. Though Aetna, as co-maker, had plainly been held liable to the holder for payment of the note, based on independent liability as a maker, the Court did not follow the approach of the cases cited above but found that the holder "never had, at any time, a final judgment that would have entitled it to levy execution to seize and sell assets belonging to Preisner or to Aetna" [emphasis supplied]; Preisner v. Aetna, supra, at 415, and that "[t]he trial court judgment, which was originally stayed and ultimately reversed, cannot be said to have "obligated" Aetna to make any payment." Preisner v. Aetna, supra, at 417. The clear implication of these statements is that a stay pursuant to 4046 P.B. operates with regard to a judgment as to defendants who do not appeal during the pendency of an appeal brought by another defendant, and denies the prevailing party "the immediate fruits of his or her victory"; Connolly v. Connolly, 191 Conn. 468, 481 (1983) in order to protect the full and unhampered exercise of the right of appellate review. Hartford National Bank Trust Co. v. Tucker,181 Conn. 296, 298, cert. denied, 449 U.S. 956 (1980).
The plaintiff's motion to enforce the judgment is denied, CT Page 6793 since it appears that enforcement is stayed by operation of 4046 P.B.
Beverly J. Hodgson Judge of the Superior Court