[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On June 28, 1994, the plaintiffs, Peter G. Conrad and Sobstad Sailmakers, Inc., obtained a judgment in the amount of $15,000 against the defendants, Ronald K. Erickson and Dorothy A. Erickson. Thereafter, the defendants filed an appeal, which is currently pending. On or about September 16, 1994, the plaintiffs served Post Judgment Remedies Interrogatories on the defendants.
The defendants then filed a Motion for Protective Order dated September 16, 1994. In support thereof, the defendants argue that they should not be required to answer the Interrogatories because the case is presently on appeal, and therefore execution of the judgment is automatically stayed. Additionally, the defendants argue that the post judgment remedy which the plaintiffs are pursuing is unwarranted, frivolous, and intended only to harass the defendants. In response, the plaintiffs filed an Objection to the defendants' Motion for Protective Order, arguing that Appellate Rule § 4046 pertains only to automatic stays of execution of CT Page 10557 judgments which are on appeal, and that the Practice Book does not bar post judgment discovery to determine the assets of a defendant against whom the judgment under appeal was issued.
Appellate Rule § 4046, which pertains to automatic stays of execution, provides, in pertinent part, as follows:
 [i]n all actions, except where otherwise provided by statute or other law, proceedings to enforce or carry out the judgment shall be automatically stayed until the time to take an appeal has expired; if an appeal is filed, such proceedings shall be stayed until the final determination of the cause . . . .
(Emphasis added.) In interpreting Appellate Rule § 4046, the Connecticut Supreme Court has acknowledged that "[t]he finality of a trial court judgment is not directly affected by the fact that an appeal automatically stays the enforcement of a judgment."Preisner v. Aetna Casualty Surety Co., 203 Conn. 407, 414,525 A.2d 83 (1987).
 The stay does not vacate the judgment obtained by the successful litigant. It merely denies that party "the immediate fruits of his or her victory"; Connolly v. Connolly, 191 Conn. 468, 481, 464 A.2d 837 (1983); in order to protect the full and unhampered exercise of the right of appellate review. Hartford National Bank Trust Co. v. Tucker, 181 Conn. 296, 298, 435 A.2d 350, cert. denied, 449 U.S. 956, 101 S.Ct. 363, 66 L.Ed.2d 221 (1980).
Id. See also Berger v. Cuomo, 8 CSCR 871, 872 (July 16, 1993, Hodgson, J.). It is clear that the judgment in the present case constitutes a final judgment, even though it is on appeal. What is yet to be resolved, however, is the issue of whether the defendants may be required to comply, while an appeal is pending, with the post judgment interrogatories filed by the plaintiffs, despite the existence of Appellate Rule § 4046.
By its very terms, Appellate Rule § 4046 applies only to "proceedings to enforce or carry out [a] judgment."
No appellate court in Connecticut has yet addressed the issue of what constitutes a "proceeding to enforce or carry out [a] judgment" under Appellate Rule § 4046. See Presidential Capitol v.CT Page 10558Antonio Reale, 12 Conn. L. Rptr. 111, 112 (July 7, 1994, Langenbach, J.). Two superior court decisions, however, have addressed what does not constitute such a proceeding under the Rule.
In Longobardi v. Blakeslee Prestress, Inc.,6 Conn. L. Rptr. 316, 317 (May 4, 1992, Hodgson, J.), the court held that although an action to foreclose a lien is a "proceeding" clearly barred by Appellate Rule § 4046, simply filing a judgment lien while an appeal is pending is not a "proceeding to enforce or carry out [a] judgment." Id., 317. Additionally, in Presidential Capitol v.Antonio Reale, supra, the court held that the examination of a judgment debtor, while an appeal is pending, is not a proceeding prohibited by Appellate Rule § 4046. Presidential Capitol v.Antonio Reale, supra, 12 Conn. L. Rptr. 112.
In the present case, Appellate Rule § 4046 makes no mention of discovery or post judgment interrogatories. Moreover, both General Statutes § 52-351b and Practice Book § 236A specifically provide, in relevant part, that:
 "[a] judgment creditor may obtain discovery from the judgment debtor . . . of any matters relevant to satisfaction of the money judgment . . . ." and "[o]n failure of a person served with interrogatories to . . . return a sufficient answer or disclose sufficient assets for execution, or on objection by such person to the interrogatories, the judgment creditor may move the court for such supplemental discovery orders as may be necessary to ensure disclosure including . . . an order for production or for examination of the judgment debtor . . . .
Further, the defendants' compliance with the post judgment interrogatories filed by the plaintiffs will in no way "affect the title or right of possession of the judgment debtor's property."Struzinski v. Struzinsky, 133 Conn. 424, 429, 52 A.2d 2 (1947). See also Presidential Capitol v. Antonio Reale, supra,12 Conn. L. Rptr. 112
(the examination of a judgment debtor does not affect the title or right of possession of the judgment debtor); Longobardi v.Blakeslee Prestress, Inc., supra, 6 Conn. L Rptr. 317 (the filing of a judgment lien merely constitutes a charge upon the property and does not affect the title or right of possession of the judgment debtor). CT Page 10559
According, the defendants' motion for Protective Order is denied and Objection thereto is sustained.
WALSH, JOHN, J.