ALL SEASONS SERVICES, INC. *v.*
GEORGE GUILDNER
(AC 25849)

Schaller, Dranginis and DiPentima, Js.

782

Considered March 30—officially released June 28, 2005

*George C. Springer, Jr.,* in support of the motion.

*Charles I. Miller,* in opposition.

*Opinion*

DRANGINIS, J. The defendant, George Guildner, doing business as G & N Foods, has appealed from the judgment of the trial court confirming an arbitration award in favor of the plaintiff, All Seasons Services, Inc. The defendant has filed a motion to enforce the automatic appellate stay or, alternatively, for a discretionary stay of all postjudgment proceedings pending the outcome of this appeal. We conclude, however, that the filing of a judgment lien and the pursuit of postjudgment discovery are not proceedings to enforce

or to carry out the underlying judgment in violation of Practice Book § 61-11 (a) and do not otherwise warrant a stay. We therefore deny the defendant's motion.

The parties agreed to submit to arbitration in connection with an asset purchase agreement. On June 4, 2003, the arbitrator issued an award in favor of the plaintiff. The plaintiff thereafter sought to confirm the arbitration award. The court issued a memorandum of decision confirming the award and ordering the defendant to pay to the plaintiff "$24,876.32, plus interest, fees and costs as specified in the award." The defendant appealed from the court's judgment confirming the arbitration award.

The plaintiff filed a judgment lien against the defendant's residence in the amount of $24,876.32 and thereafter mailed postjudgment interrogatories to the defendant's counsel. More than thirty days following service of the postjudgment interrogatories, the plaintiff filed with the court a petition for examination of judgment debtor. The defendant then filed a motion to enforce the automatic appellate stay with this court and a motion to quash a subpoena duces tecum for examination of judgment debtor in the trial court.[1] The trial court denied the motion to quash.[2]

The defendant asks us to preclude the plaintiff from placing a judgment lien on his property and from con-

[1] After the plaintiff filed an opposition to the motion to enforce the automatic stay, the defendant filed with this court a motion for permission to file a reply memorandum in further support of the defendant's motion to enforce the automatic stay. Pursuant to Practice Book § 66-2 (a), "[r]esponses to memoranda in opposition are not permitted." The defendant's motion for permission to file a reply memorandum, therefore, is dismissed as improper.

[2] In addition, the court stayed all further postjudgment proceedings pending our ruling on the motion to enforce the automatic stay.

ducting all forms of postjudgment discovery.[3] The defendant objects to the plaintiff's postjudgment actions, claiming that each is a proceeding to enforce or to carry out the judgment that presently is being appealed and, therefore, that each violates the automatic appellate stay. The defendant also requests that even if we rule in favor of the plaintiff, we nonetheless should impose a discretionary stay prohibiting the plaintiff from filing a judgment lien, serving postjudgment interrogatories or conducting an examination of judgment debtor prior to resolution of the appeal. The plaintiff opposes the defendant's motion, arguing that neither filing a judgment lien nor pursuing postjudgment discovery are proceedings to enforce or to carry out a judgment and that, therefore, the defendant's interpretation of what constitutes "enforcement" is overbroad.[4] We agree with the plaintiff.

Pursuant to Practice Book § 61-11 (a), when an appeal has been filed, "proceedings to *enforce or carry out* the judgment or order shall be automatically stayed . . . until the final determination of the cause. . . ." (Emphasis added.) Although our appellate courts have never squarely addressed whether filing a judgment lien and conducting postjudgment discovery are proceedings to enforce or to carry out a judgment, each of those issues has been raised in and addressed by the Superior Court. See *Longobardi* v. *Blakeslee Prestress, Inc.*,

[3] Although the defendant requests an order precluding the filing of a judgment lien on his property, we note that at the time of filing his request, the lien already had been filed. We therefore treat the request as one for a determination of whether it was proper to file the lien.

[4] The plaintiff also argues that this court does not have jurisdiction to enforce the automatic stay. We are not persuaded. The case cited by the plaintiff for that proposition; *Pavliscak* v. *Bridgeport Hospital*, 48 Conn. App. 580, 711 A.2d 747, cert. denied, 245 Conn. 911, 718 A.2d 17 (1998); is inapposite in that it provides that this court has the authority to enforce an automatic stay in an appeal when necessitated by the particular circumstances of a case.

Superior Court, judicial district of New Haven, Docket No. 330301 (May 4, 1992) (6 Conn. L. Rptr. 316) (judgment lien); *Presidential Capital Corp.* v. *Reale*, Superior Court, judicial district of Hartford, Docket No. 700539 (July 7, 1994) (examination of judgment debtor); *Conrad* v. *Erickson*, Superior Court, judicial district of Middlesex, Docket No. 69587 (October 18, 1994) (12 Conn. L. Rptr. 543) (postjudgment interrogatories). We are persuaded by the reasoning in the cited Superior Court cases that filing a judgment lien, serving postjudgment interrogatories and examining a judgment debtor do not violate Practice Book § 61-11 (a).

I

The defendant's first claim is that the filing of a judgment lien is a proceeding to enforce or to carry out the judgment that violates the automatic appellate stay under Practice Book § 61-11 (a). We disagree.

General Statutes § 52-380a authorizes a judgment creditor to place a lien on a judgment debtor's property.[5] This court has noted that a judgment lien authorized under § 52-380a is intended to secure an interest in real estate for a creditor who has obtained a money judgment against a debtor. See *Bachyrycz* v. *Gateway Bank*, 30 Conn. App. 52, 53 n.1, 618 A.2d 1371 (1993). In considering whether the filing of a judgment lien is also a proceeding to enforce, as well as to secure, a money judgment, the court in *Longobardi* reasoned that "[i]f the filing [of a] judgment lien were prohibited during the pendency of an appeal, there would have

[5] General Statutes § 52-380a provides in relevant part: "(a) A judgment lien, securing the unpaid amount of any money judgment, including interest and costs, may be placed on any real property by recording, in the town clerk's office in the town where the real property lies, a judgment lien certificate . . . .

"(b) From the time of the recording of the judgment lien certificate, the money judgment shall be a lien on the judgment debtor's interest in the real property described. . . ."

been no reason for the legislature to provide in [General Statutes] § 52-356a for a stay of enforcement of [a judgment] lien pending the resolution of an appeal, and the bar on enforcement contemplates the existence of such a lien." *Longobardi* v. *Blakeslee Prestress, Inc.*, supra, 6 Conn. L. Rptr. 317. The court reasoned that the filing of a judgment lien is more like a prejudgment attachment, which is merely "a charge upon the property . . . and . . . do[es] not affect the title or right of possession of the judgment debtor." (Internal quotation marks omitted.) Id., quoting *Struzinski* v. *Struzinsky*, 133 Conn. 424, 429, 52 A.2d 2 (1947). Ultimately, the court in *Longobardi* determined that the " 'proceeding' that is, clearly, barred is an action to foreclose the lien"; *Longobardi* v. *Blakeslee Prestress, Inc.*, supra, 317; as opposed to the filing of the lien. The conclusion that the filing of a judgment lien is not a proceeding to enforce the judgment also finds support in the dicta of older decisions of our Supreme Court. See *City National Bank* v. *Stoeckel*, 103 Conn. 732, 737, 132 A. 20 (1926) (validity of judgment lien not dependent on fact that execution could not issue because stayed by appeal) relying on *Hobbs* v. *Simmonds*, 61 Conn. 235, 239, 23 A. 962 (1891) (judgment lien filed while execution stayed is valid).

In *Mac's Car City, Inc.* v. *DiLoreto*, 39 Conn. App. 518, 522, 664 A.2d 1181 (1995), aff'd, 238 Conn. 172, 679 A.2d 340 (1996), this court held that "the plaintiff's failure to file a certificate of judgment lien within four months of the trial court's final judgment . . . precluded the plaintiff's subsequent filing of a judgment lien to perfect [a prejudgment] attachment." Relying on *City National Bank* v. *Stoeckel*, supra, 103 Conn. 732, this court determined that "[t]he pendency of an appeal from the final judgment of the trial court does not stay the time for filing a judgment lien." *Mac's Car City, Inc.* v. *DiLoreto*, supra, 521. This court's judgment was affirmed by our Supreme Court, which stated that

"[a]ppellate review can go forward regardless of when the lien is filed. If the debtor pursues an appeal, *execution* of the judgment lien would presumably be stayed, unless the stay were expressly lifted." (Emphasis added.) *Mac's Car City, Inc.* v. *DiLoreto*, 238 Conn. 172, 181–82, 679 A.2d 340 (1996).

Because the purpose of a judgment lien is to secure an interest in real property, which allows a creditor to preserve and to protect property with which to satisfy a judgment pending final determination of an action, and because the filing of such a lien is not coextensive with the execution of a judgment, we conclude that the filing of a judgment lien is not a proceeding to enforce or to carry out the judgment in violation of the automatic appellate stay under Practice Book § 61-11 (a).

## II

The defendant's second claim is that the pursuit of postjudgment discovery violates the automatic appellate stay. Specifically, the defendant contends that examining a judgment debtor and serving postjudgment interrogatories are proceedings to enforce or to carry out the judgment in violation of Practice Book § 61-11 (a). We are not convinced.

General Statutes § 52-351b sets forth the procedures for a judgment creditor to obtain discovery from a judgment debtor by serving postjudgment interrogatories on the debtor.[6] Our Supreme Court has determined that "[t]he primary purpose of § 52-351b is . . . to assist

[6] General Statutes § 52-351b provides in relevant part: "(a) A judgment creditor may obtain discovery from the judgment debtor . . . of any matters relevant to satisfaction of the money judgment. The judgment creditor shall commence any discovery proceeding by serving an initial set of interrogatories . . . on the person from whom discovery is sought. . . .

"(c) . . . The judgment creditor may obtain discovery, including the taking of depositions, from any person served with interrogatories in accordance with procedures for discovery in civil actions without further order of the court. . . ."

creditors in *obtaining information* concerning assets concealed by their judgment debtors." (Emphasis added.) *Presidential Capital Corp.* v. *Reale,* 240 Conn. 623, 632, 692 A.2d 794 (1997). Once postjudgment interrogatories have been served on a judgment debtor, General Statutes § 52-397 authorizes the examination of a judgment debtor "who has failed to respond within thirty days to any postjudgment interrogatories served pursuant to section 52-351b . . . ." In *Presidential Capital Corp.* v. *Reale,* supra, Superior Court, Docket No. 700539, the plaintiff filed a petition for examination of judgment debtor during the pendency of the defendant's appeal. The defendant objected, claiming that an order requiring him to submit to an examination would violate the automatic stay. The court concluded that an examination of a judgment debtor is not a proceeding to enforce or to carry out the judgment in violation of Practice Book § 61-11 (a) because it does not affect a judgment debtor's title to or right of possession in the subject property. *Presidential Capital Corp.* v. *Reale,* supra, Superior Court, Docket No. 700539.

*Conrad* v. *Erickson,* supra, Superior Court, Docket No. 69587, reached a similar conclusion concerning postjudgment interrogatories. There, the plaintiffs served postjudgment interrogatories on the defendant while the defendant's appeal was pending. Id. The defendant argued that because execution of the judgment was automatically stayed under Practice Book § 61-11 (a), he was protected from being compelled to answer the interrogatories. *Conrad* v. *Erickson,* supra, Superior Court, Docket No. 69587. The court in *Conrad* concluded that compliance with postjudgment interrogatories would in no way affect the title to or possession of the debtor's property and, so, was not prohibited by Practice Book § 61-11 (a). See *Conrad* v. *Erickson,* supra, Superior Court, Docket No. 69587.

Because the primary purpose of postjudgment discovery is to identify assets that can be utilized at some later time to satisfy a money judgment once an appeal is resolved, we conclude that neither the examination of a judgment debtor nor the service of postjudgment interrogatories is a proceeding to enforce or to carry out the judgment in violation of Practice Book § 61-11 (a).

### III

Finally, the defendant requests that even if we conclude that the plaintiff did not violate Practice Book § 61-11 (a), we nonetheless impose a discretionary stay prohibiting the plaintiff from filing a judgment lien, serving postjudgment interrogatories or conducting an examination of judgment debtor pending the outcome of this appeal because such actions are premature and, thus, may be rendered moot by our decision on the merits of the appeal. That we decline to do.

The motion is denied.

In this opinion the other judges concurred.