******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# EITAN RUBIN ET AL. *v.* BARNETT BRODIE ET AL.
## (AC 46348)

Alvord, Elgo and Prescott, Js.

*Syllabus*

Pursuant to the rule of practice (§ 61-11 (a)), an automatic appellate stay applies to "proceedings to enforce or carry out the judgment."

The plaintiffs, three individuals, including R and G, and three limited liability companies, including E Co., commenced this civil action to recover damages from the defendants for, inter alia, breach of fiduciary duty. The plaintiffs' complaint alleged that the defendant B had engaged in certain ultra vires actions that constituted self-dealing, and, therefore, breached his fiduciary duties in managing the LLCs. Prior to the commencement of this action, the parties' dispute was submitted to a binding rabbinical arbitration proceeding in which B sought to buy out the interests of R and G in E Co. The arbitrators' decision, which ordered R and G to sell their interests in E Co. to B, was issued approximately one month after this action had been commenced. B, in the same action, filed an application to confirm the arbitration award pursuant to statute (§ 52-417 et seq.). B and the other defendants thereafter filed motions to dismiss the action. The parties agreed that the trial court should resolve the motions to dismiss prior to the hearing on the application to confirm. The court granted the motions to dismiss for lack of subject matter jurisdiction and rendered judgment thereon, from which the plaintiffs appealed to this court. Subsequently, B attempted to reclaim his application to confirm the arbitration award. The clerk issued an order indicating that no hearing would be scheduled, as the case was "stayed during the pendency of appeal." B and various other defendants filed a motion for review, asking this court for an order clarifying whether Practice Book § 61-11 (a) automatically stayed proceedings in the Superior Court on the pending application to confirm. *Held* that the motion for review was granted and the relief requested was granted in accordance with this court's prior order: contrary to the plaintiffs' claim, the application to confirm the arbitration award, a special statutory proceeding, survived the dismissal of the plaintiffs' complaint, as there was no dispute that B could have secured affirmative relief had he filed the application to confirm in a separate action, and, thus, assuming the conditions of § 52-417 et seq. have been met, the application to confirm can proceed to judgment separately from the judgment on the complaint; moreover, the present appeal from the judgment dismissing the complaint did not automatically stay proceedings before the court on the application to confirm the arbitration award because proceedings on that application will not "enforce or carry out the judgment" dismissing

the complaint pursuant to Practice Book § 61-11 (a), the court having dismissed the entirety of the complaint, which sought damages from the defendants under various theories of liability, for lack of subject matter jurisdiction, and, should that judgment ultimately be reversed by this court, the action would be restored to the pleading stage; furthermore, the court's resolution of B's application to confirm the arbitration award will result in a separate judgment with its own appeal period, and, although the present appeal from the judgment of dismissal resulted in an automatic stay as to that judgment, this appeal did not have any effect on the eventual judgment on the application to confirm, and it did not deprive the court of authority to act on the application to confirm.

Considered February 14—officially released April 30, 2024

*Procedural History*

Action to recover damages for, inter alia, breach of fiduciary duty, and for other relief, brought to the Superior Court in the judicial district of New Haven, where the named defendant filed an application to confirm an arbitration award; thereafter, the court, *Jongbloed, J.*, granted the defendants' motions to dismiss, and rendered judgment thereon, from which the plaintiffs appealed to this court; subsequently, the named defendant et al. filed a motion for review. *Motion for review granted.*

*Jack G. Steigelfest*, in support of the motion.

*Ridgely Whitmore Brown*, in opposition to the motion.

*Opinion*

PRESCOTT, J. The issues before this court are whether an application to confirm an arbitration award filed in a pending civil action survives the dismissal of the civil action and, if so, whether an appeal from the judgment dismissing the civil action operates to automatically stay proceedings on the application to confirm the arbitration award. We reject the argument that the application to confirm did not survive the dismissal of the complaint and conclude that this appeal does not automatically stay proceedings before the Superior

Court on the pending application to confirm an arbitration award filed by the named defendant, Barnett Brodie. Accordingly, we grant the motion for review filed by Brodie and other defendants and grant the relief requested in accordance with this court's February 14, 2024 order.[1]

On February 15, 2022, the individual plaintiffs, Eitan Rubin, Reuven Gidanian, and Eitan Rubin by power of attorney on behalf of George Rohr,[2] on their own behalf and purportedly on behalf of the plaintiff limited liability companies (LLCs)—E.R. Holdings, LLC; L.E. Ventures, LLC; and Whalley Group, LLC—commenced this civil action. The plaintiff LLCs owned land and rental properties in and around New Haven (assets). Brodie was the managing member of the plaintiff LLCs and owned a 30 percent membership interest in each of those entities. The individual plaintiffs, Rubin, Gidanian and Rohr, owned the remaining membership interests in the plaintiff LLCs. Brodie also owns or controls five additional business entities that were named as defendants (Brodie defendants).[3]

In the first count of their complaint, the plaintiffs sought damages for Brodie's alleged ultra vires actions and breaches of his fiduciary duties in his management of the plaintiff LLCs. They alleged that Brodie acted beyond the scope of his authority under the relevant

[1] On February 14, 2024, this court granted the motion for review and granted the relief requested, in part, by clarifying that Practice Book § 61-11 (a) does not automatically stay proceedings before the Superior Court on the pending application to confirm the arbitration award. Our order indicated an opinion would follow. This opinion explains our reasons for that determination.

[2] One contested issue in this appeal is whether George Rohr is properly a party plaintiff to this action. Rohr's party status, however, is not relevant to the automatic stay issue, and we decline to address it.

[3] The Brodie defendants include Brodie and the following defendant entities: Reichman Brodie Real Estate, LLC; RBC DE2, LLC; Sperry Group DE2, LLC; Riley Group DE2, LLC; and TZ DE2, LLC.

operating agreements and engaged in self-dealing by dissolving and merging the plaintiff LLCs "into the downstream Brodie controlled entities," and by improperly obtaining mortgages on the assets.

The plaintiffs named additional defendants in this action, including holders of mortgages on the underlying assets, CoreVest American Finance Lender, LLC, formerly known as Colony American Finance Lender, LLC (CoreVest), and 5 Arch Funding Corporation (5 Arch), as well as Attorney Lawrence Levinson. In the second count of the complaint, which is directed to the Brodie defendants, CoreVest, and 5 Arch, the plaintiffs sought to quiet title to the listed asset properties. In count three, they sought to recover damages from all defendants for their alleged violations of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. Finally, count four alleged legal malpractice by Levinson arising out of his representation of the plaintiff LLCs.

The dispute at the heart of the plaintiffs' complaint was also the subject of a binding rabbinical arbitration proceeding in which Brodie sought to buy out the interests of Rubin and Gidanian in E.R. Holdings, LLC. Hearings before the arbitrators occurred prior to the commencement of this action and terminated on February 15, 2022, the day this action was commenced. The decision of the arbitrators was issued on March 23, 2022, approximately one month after the plaintiffs commenced this action. The arbitrators ordered that Rubin and Gidanian sell their interests in E.R. Holdings, LLC, to Brodie for $168,425. On March 24, 2022, in this civil action, Brodie filed an application to confirm the arbitration award pursuant to General Statutes § 52-417 et seq.[4]

---

[4] E.R. Holdings, LLC's 2014 operating agreement predates October 1, 2018; thus, the Revised Uniform Arbitration Act, General Statutes § 52-407aa et seq., does not apply.

On March 28, 2022, the Brodie defendants filed a motion to dismiss the plaintiffs' complaint for lack of personal and subject matter jurisdiction. The other defendants—Levinson, CoreVest and 5 Arch—separately moved to dismiss the plaintiffs' complaint. The plaintiffs objected to these motions, and the defendants filed replies. The court scheduled a hearing on Brodie's application to confirm the arbitration award. The parties ultimately agreed that the court should resolve the motions to dismiss prior to hearing the application to confirm.

On December 23, 2022, the court, *Jongbloed, J.*, granted the defendants' motions to dismiss and dismissed the entirety of the plaintiffs' complaint for lack of subject matter jurisdiction. The court determined that the individual plaintiffs did not have standing to commence the suit as a derivative action and that they failed to plead facts that met the statutory prerequisites to demonstrate that the plaintiff LLCs had authorized the commencement of the action. This appeal followed.

After the plaintiffs filed this appeal, Brodie attempted to reclaim his application to confirm the arbitration award for a hearing before the Superior Court. The plaintiffs objected. On November 3, 2023, the clerk issued an order indicating that "[n]o hearing to be scheduled at this time as matter is stayed during pendency of the appeal. Party may reclaim."

The Brodie defendants filed a motion to reargue on November 8, 2023. They argued that the automatic appellate stay of Practice Book § 61-11 applies to proceedings to "enforce or carry out the judgment" but does not stay all activity before the Superior Court. Instead, they argued that the court has continuing jurisdiction over the application to confirm. Accordingly, the Brodie defendants requested that the application to confirm be scheduled for argument and disposition.

The plaintiffs filed an opposition, in which they argued that "[a]ny subject matter jurisdiction that the trial court may have had over the application to confirm the arbitration award was lost when the plaintiffs' case was dismissed, and the automatic appellate stay operates to preclude any further action in the case."

On November 24, 2023, the court, *Frechette, J.*, denied the Brodie defendants' motion and sustained the plaintiffs' objection. The Brodie defendants filed a timely motion for review of the court's decision, asking this court for an order clarifying whether Practice Book § 61-11 (a) automatically stays proceedings in the Superior Court on the pending application to confirm. The plaintiffs filed an opposition, renewing their arguments that the Superior Court lost jurisdiction over the application to confirm when it dismissed the plaintiffs' complaint and, alternatively, that further proceedings are automatically stayed during the pendency of their appeal.

Before reaching the applicability of an appellate stay, we must first address the plaintiffs' claim that Brodie's application to confirm the arbitration award did not survive the dismissal of the plaintiffs' complaint. We conclude that the application to confirm survived the dismissal of the plaintiffs' complaint.

"Judicial enforcement of an arbitration award in Connecticut is governed by statute. Section 52-417 controls applications for confirmation of an arbitration award and states in relevant part: 'At any time within one year after an award has been rendered and the parties to the arbitration notified thereof, any party to the arbitration may make application to the superior court . . . for an order confirming the award. . . .' The specific steps for applying for confirmation of an arbitration award are set out in [General Statutes] § 52-421 (a), which provides: 'Any party applying for an order confirming,

modifying or correcting an award shall, at the time the order is filed with the clerk for the entry of judgment thereon, file the following papers with the clerk: (1) The agreement to arbitrate, (2) the selection or appointment, if any, of an additional or substitute arbitrator or an umpire, (3) any written agreement requiring the reference of any question as provided in section 52-415, (4) each written extension of the time, if any, within which to make the award, (5) the award, (6) each notice and other paper used upon an application to confirm, modify or correct the award, and (7) a copy of each order of the court upon such an application.' [General Statutes §] 52-420 (a) directs the trial court to handle arbitration issues in an efficient manner, providing: 'Any application under section 52-417, 52-418 or 52-419 shall be heard in the manner provided by law for hearing written motions at a short calendar session, or otherwise as the court or judge may direct, in order to dispose of the case with the least possible delay.' " *Windham* v. *Doctor's Associates, Inc.*, 161 Conn. App. 348, 353–34, 127 A.3d 1082 (2015).

In *Windham*, the plaintiff claimed that the "court improperly confirmed the arbitration award because a proper application to confirm the award was not before the court. [The defendant] requested that the court confirm the award, but it did not file a separate and distinct application to confirm." Id., 352. Instead, the defendant had included its application to confirm the award as an opposition to the plaintiff's application to vacate the award and, therefore, did not pay a filing fee. Id. The plaintiff claimed that this was fatal to the judgment confirming the award in favor of the defendant.

This court in *Windham* determined that the trial court did not improperly confirm the arbitration award. Id., 355. In support of its conclusion, this court reasoned: (1) the defendant had provided sufficient notice of its request to confirm the award; (2) the defendant's

motion "was filed within one year of the date of the arbitration award" as required by § 52-417; (3) the materials required by § 52-421 were before the court; and (4) the court's decision to consider both the application to vacate and application to confirm "simultaneously, in furtherance of judicial economy, is a reasonable way to 'dispose of the case with the least possible delay' " as required by § 52-420 (a). *Windham* v. *Doctor's Associates, Inc.*, supra, 161 Conn. App. 354–55.

Here, Brodie's application to confirm was filed in the Superior Court within days of the issuance of the award. It will be for that court to determine, in the first instance, whether the essential conditions prescribed by § 52-417 et seq. have been met. Under the rationale of *Windham*, however, the Superior Court has the authority to consider the application, even though the application was not filed independently but, instead, was made in a pending civil action. See also, e.g., *Lemma* v. *York & Chapel, Corp.*, 204 Conn. App. 471, 475–76, 254 A.3d 1020 (2021) (rejecting defendant's argument, made for first time on appeal, that Superior Court lacked jurisdiction over application to confirm arbitration award when application was filed in same docket as earlier statutory proceeding between parties).

The fact that the plaintiffs' complaint subsequently was dismissed does not alter our analysis. Proceedings to confirm or vacate arbitration awards are special statutory proceedings. *Pickard* v. *Dept. of Mental Health & Addiction Services*, 210 Conn. App. 788, 795, 271 A.3d 178 (2022). The statutes relating to arbitration "[confer] a definite jurisdiction upon a judge and [define] the conditions under which such relief may be given . . . . [J]urisdiction is only acquired if the essential conditions prescribed by [the] statute are met." (Internal quotation marks omitted.) Id.

Principles pertaining to ordinary civil actions are nevertheless helpful in framing this discussion. "[A] counterclaim is a cause of action . . . on which the defendant might have secured affirmative relief had he sued the plaintiff in a separate action." (Internal quotation marks omitted.) *Historic District Commission* v. *Sciame*, 152 Conn. App. 161, 176, 99 A.3d 207, cert. denied, 314 Conn. 933, 102 A.3d 84 (2014). "The term [counterclaim] itself is a general and comprehensive one, naturally including within its meaning all manner of permissible counterdemands. . . . [T]he word counterclaim was intended to be the generic term for all cross demands other than setoffs, whether in law or in equity." (Citations omitted; internal quotation marks omitted.) *98 Lords Highway, LLC* v. *One Hundred Lords Highway, LLC*, 138 Conn. App. 776, 798, 54 A.3d 232 (2012); cf. *Gattoni* v. *Zaccaro*, 52 Conn. App. 274, 279–80, 727 A.2d 706 (1999) (trial court had jurisdiction to consider defendant's motion for injunctive relief, despite plaintiffs' withdrawal of complaint, where "trial court properly treated that motion as a counterclaim"). "A final judgment on a [complaint] establishes a distinct appeal period from the appeal period related to the judgment on a [counterclaim] in the same case. See Practice Book §§ 61-2 and 61-3." *Sovereign Bank* v. *Licata*, 178 Conn. App. 82, 99, 172 A.3d 1263 (2017).

There can be no dispute that Brodie could have secured affirmative relief had he filed the application to confirm the arbitration award in a separate action. The plaintiffs have offered no authority for the proposition that the dismissal of their complaint, by itself, strips the Superior Court of jurisdiction to consider Brodie's application filed in the same case. Assuming the conditions of § 52-417 et seq. have been met, the application to confirm, like a counterclaim, can proceed to judgment separately from the judgment on the complaint. We therefore reject the plaintiffs' argument that the

application to confirm the arbitration award did not survive the dismissal of their complaint.

We must next determine whether this appeal from the judgment dismissing the plaintiffs' complaint operates to stay proceedings in the Superior Court on Brodie's application to confirm the arbitration award. We conclude that it does not.[5]

The automatic appellate stay delineated in Practice Book § 61-11 (a) applies to "proceedings to enforce or carry out the judgment . . . ." Our appellate courts regularly draw distinctions between proceedings to enforce or carry out a judgment, which are automatically stayed; e.g., *RAL Management, Inc.* v. *Valley View Associates*, 278 Conn. 672, 683–84, 899 A.2d 586 (2006) (law days in foreclosure actions are automatically stayed because they carry out judgment of strict foreclosure); and trial court proceedings that do *not* enforce or carry out the judgment. E.g., *All Seasons Services, Inc.* v. *Guildner*, 89 Conn. App. 781, 787–88, 878 A.2d 370 (2005) (filing judgment lien and engaging in post-judgment discovery do not violate § 61-11 (a)).

Proceedings on Brodie's application to confirm do not enforce or carry out the judgment dismissing the plaintiffs' complaint. The plaintiffs filed a civil action

[5] Our conclusion is limited to the question presented here, namely, whether Practice Book § 61-11 (a) automatically stays trial court proceedings on the application to confirm. We conclude that it does not. We express no opinion as to whether the Superior Court, in the exercise of its discretion, may impose a stay of proceedings on the application to confirm for the duration of this appeal. "We are mindful of the well established principle that [t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." (Internal quotation marks omitted.) *Fairlake Capital, LLC* v. *Lathouris*, 214 Conn. App. 750, 774, 281 A.3d 1240 (2022). But see General Statutes § 52-420 (a) (trial court is to "dispose of the case with the least possible delay").

seeking damages from the defendants under various theories of liability. The Superior Court dismissed the entirety of their complaint for lack of subject matter jurisdiction. Should that judgment of dismissal ultimately be reversed by this court, the plaintiffs' action will be restored to the pleading stage.

The court's resolution of Brodie's application to confirm the arbitration award will result in a separate judgment with its own appeal period. "Our rules of practice unquestionably establish that, for purposes of filing an appeal, a final judgment disposing of a counterclaim is separate and distinct from a judgment on the associated complaint. . . . For example, a judgment rendered on an entire counterclaim is an immediately appealable independent judgment even if an undisposed complaint remains in the case. . . . Such a final judgment on a counterclaim establishes a distinct appeal period from the appeal period related to the judgment on a complaint in the same case." (Citations omitted.) *Sovereign Bank* v. *Licata*, supra, 178 Conn. App. 99.

"As a result of these different appeal periods, different appellate stays of execution arise, and any automatic stay that is extended as the result of filing an appeal from a counterclaim will not stay proceedings to enforce or carry out the judgment on the complaint." Id. The present appeal from the judgment of dismissal resulted in an automatic stay as to that judgment. This appeal does not have any effect on the eventual judgment on the application to confirm.

This pending appeal also does not deprive the Superior Court of authority to act on the application to confirm. It is well settled that "the filing of an appeal does not stay a trial court's continuing authority to adjudicate any properly filed motions to reargue, reconsider or open the judgment that is the subject of the appeal; see Practice Book § 11-11; irrespective of the

possibility that the trial court's action on such a motion potentially could render the appeal moot. See *Ahneman* v. *Ahneman*, 243 Conn. 471, 482–84, 706 A.2d 960 (1998). Said another way, although the filing of an appeal may, in certain instances, result in a stay of actions to enforce or carry out the judgment on appeal . . . any such appellate stay does not affect a court's authority to rule on motions filed with the trial court . . . ." (Citation omitted; emphasis omitted.) *307 White Street Realty, LLC* v. *Beaver Brook Group, LLC*, 216 Conn. App. 750, 762 n.8, 286 A.3d 467 (2022).

We conclude that proceedings before the Superior Court on Brodie's application to confirm the arbitration award would not run afoul of the automatic appellate stay described in Practice Book § 61-11 (a) because such proceedings would not "enforce or carry out" the judgment dismissing the plaintiffs' complaint.

The motion for review is granted and the relief requested is granted in accordance with this court's February 14, 2024 order.

In this opinion the other judges concurred.